John W. Harris v. Commissioner.
Harris v. Commissioner
Docket No. 86650.
United States Tax Court
T.C. Memo 1961-215; 1961 Tax Ct. Memo LEXIS 127; 20 T.C.M. (CCH) 1066; T.C.M. (RIA) 61215; July 31, 1961
*127 Payments made by petitioner to his divorced wife pursuant to a settlement agreement entered into by them preliminary to divorce held to have been solely for the support of petitioner's minor child within the purview of section 71(b), I.R.C. 1954, not includible in the wife's income under section 71(a), and not deductible by petitioner as alimony under section 215(a). John W. Harris, pro se, Bowen Circle, Atlanta, Ga. Roger Rhodes, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent has determined deficiencies of $291.64 and $293.06 in the petitioner's income tax for 1956 and 1957, respectively. The issues presented by the pleadings are whether the petitioner is entitled to deduct (1) $600 and $550 for 1956 and 1957, respectively, as alimony, and (2) $535 and $229 for 1956 and 1957, respectively, as educational expenses. On brief, the respondent concedes the deductibility of the amounts involved in issue No. 2. Findings of Fact Some of the facts have been stipulated and are found accordingly. At the close of the taxable years 1956 and 1957 the petitioner was single and filed his income tax returns for those years accordingly. The returns, prepared on the cash receipts basis, were filed with the district director in Atlanta, Georgia. During 1956 the petitioner and his wife, India Martin Harris, were divorced by a decree of the Superior *129 Court of Fulton County, Georgia. In its decree the court adopted and incorporated therein a settlement agreement previously entered into by petitioner and India for submission to the court, wherein they made provision for the custody of their 7-year old son, Orban Dale Harris, then in the custody of his mother and for the son's support and provision for a division of their personal property and the payment of attorney fees. The agreement provided that India should have full custody and control of Orban Dale throughout his minority with the petitioner to have reasonable right of visitation with him. Respecting support of Orban Dale the agreement provided as follows: Second Party [petitioner] shall pay to First Party [India Martin Harris] as alimony both temporary and permanent for the support of said minor child the sum of Fifty Dollars per month, payable monthly in advance, the first payment to become due and payable of even date herewith and continue monthly thereafter on the same day of each and every consecutive month until said child, dies, marries, or attains the age of twenty-one years, whichever event shall first occur and subject nevertheless to the following qualification: *130 a. The monthly alimony hereinabove specified is based upon Second Party's present income, his critical financial condition as represented by him, and the present tender age of said child, who is now seven years old. It is therefore agreed between the Parties that the right be, and is hereby, reserved in the Fulton Superior Court to increase the amount of said alimony after said child reaches the age of twelve years upon an increase in Second Party's income occurring subsequently hereto. Respecting the division of property the agreement provided as follows: Second Party does hereby assign, transfer, convey and set over unto First Party to her own proper use and behoof, her heirs, executors, administrators and assigns, to be hers absolutely, the personal property consisting of household furniture, fixtures and equipment which are more particularly described and listed in Exhibit A of the original petition for divorce heretofore filed by First Party, with the exception of the following listed articles which shall be the property of Second Party and which First Party does hereby transfer, convey, assign and set over unto Second Party to his own proper use and behoof, his heirs, executors, *131 administrators and assigns, to be his absolutely, any interest which First Party may have therein: One double bed (mahogany), box spring and mattress, one matching chest, one matching dresser, one matching night table, one occasional chair, one desk and chair, one bookcase, one combination radio and record player, two venetian blinds, two pairs double organdy curtains, one table lamp, 1950 Buick automobile in second party's possession. a. In this connection, Second Party has in his possession one child's unfinished desk and matching chair, which he shall deliver to First Party for the use of said minor child. There is no indication in the agreement or elsewhere in the record that the parties or either of them owned any property, personal or real, other than that mentioned in the preceding paragraphs. As to the payment of the attorney fees the agreement provided that petitioner pay the fees, totaling $400, of the attorney for India in the divorce action and that the petitioner theretofore having paid $75 thereof would pay the remainder of $325 in monthly installments of $15 each. During 1956 and 1957 India had the custody of Orban Dale and with respect to him the petitioner *132 during those years paid her $600 and $550, respectively, pursuant to the terms of their settlement agreement. In his income tax returns for the foregoing years the petitioner deducted the respective amounts as alimony. In determining the deficiencies the respondent disallowed the deductions. Opinion The petitioner has not favored us with a brief but from his statement of his contention at the trial herein his position appears to be that since the settlement agreement provided that he should pay India $50 per month "as alimony both temporary and permanent for the support of said minor child [Orban Dale]," the amounts paid by him in 1956 and 1957 constituted alimony and were deductible as such for the taxable years in which paid. The respondent takes the position that the controverted payments constituted payments for the support of the petitioner's minor child and as such were not allowable deductions within the purview of the provisions of sections 215(a) and 71(b) of the Code of 1954. Pertinent portions of the Code are set out below. [1]
*133 Under the provisions of section 215(a) a condition requisite to the allowance to a husband of a deduction as alimony is that the amount of the payment thereof must under section 71 be includible in the gross income of the wife. Section 71(a) provides for the inclusion in the gross income of a wife who is divorced from her husband of periodic payments received after the decree of divorce which are in discharge of a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree of divorce. Subsection (b) of section 71 provides that the provisions of subsection (a) shall not apply to that part of any payment which the terms of the decree or agreement fix, in terms of an amount of money, as a sum which is payable for the support of minor children of the husband. We find nothing in the settlement agreement or elsewhere in the record to indicate that the petitioner paid or was required to pay India any amount under the settlement agreement or any other instrument or the decree of divorce other than the $50 described in the settlement agreement as "alimony both temporary and permanent for the support of said minor child *134 [Orban Dale]." Such being the situation we are of the opinion that the controverted payments regardless of their designation in the agreement as "alimony" were made solely for the support of the petitioner's minor child within the meaning of section 71(b), and, having been so made, we conclude that they were not includible in the income of India and consequently were not deductible by the petitioner. The respondent is sustained as to this issue. Decision will be entered under Rule 50. Footnotes
1. SEC. 215. ALIMONY, ETC., PAYMENTS. (a) General Rule. - In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. * * * SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of Divorce or Separate Maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. * * *
(b) Payments to Support Minor Children. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For the purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.↩